■ EDNA J. CURRIER, Respondent, v ST. PETER'S HOSPITAL et al., Appellants, et al., Defendants. — Appeal from that part of an order of the Supreme Court at Special Term (Crangle, J.), entered April 22, 1982 in Saratoga County, which denied defendants' cross motion for summary judgment. In March, 1974, plaintiff Edna Currier was admitted to St. Peter's Hospital (hospital) as a patient of defendant Dr. William Kite. On March 15, 1974, Dr. Kite, assisted by defendant Dr. Chandrashaker Gona, a hospital employee, performed a laminectomy on plaintiff. The following day, Dr. Kite discovered that plaintiff had a left foot drop. It is unclear whether Dr. Kite saw plaintiff on the next day, March 17, 1974. However, the hospital nurses' notes indicate that on that day plaintiff was incontinent of urine. On March 18, 1974, Dr. Kite examined plaintiff, noted her worsening condition, and performed a second operation. On July 13, 1977, plaintiff commenced this action against the hospital and its staff, and Drs. Kite and Lozada. The first cause of action alleges that the care given plaintiff and the surgery performed on plaintiff "was not in accord with the standard accepted and approved * * * practices and procedures". The second cause of action alleges that defendants failed to obtain informed consent from plaintiff. Following a medical malpractice panel hearing and the taking of depositions, Dr. Lozada moved for summary judgment. The remaining defendants, except for Dr. Kite, then cross-moved for summary judgment. Without written decision, Special Term granted Dr. Lozada's motion and denied the hospital's cross motion. This appeal by the hospital* ensued. In support of its argument that summary judgment was improperly denied, the hospital asserts (1) it cannot be held responsible for the malpractice of a physician not in its employ, and (2) there is no proof offered of any negligence on its part with respect to the surgery performed upon and the care given to plaintiff. On the other hand, plaintiff asserts that issues of fact are presented as to malpractice on the part of the hospital employees assisting Dr. Kite, and as to negligence on the part of the nurses who were caring for plaintiff while she was in the hospital between the two operations. A hospital is generally liable only for the acts of its employees and not for those of private attending physicians or surgeons (*Fiorentino v Wenger,* 19 NY2d 407, 414). Thus, the hospital cannot be held responsible for any negligence on Dr. Kite's part. However, plaintiff asserts that she was injured as a result of the hospital's employees' negligence. Accordingly, the hospital's argument that it cannot be held liable for Dr. Kite's negligent conduct is misplaced. Indeed, if plaintiff demonstrates that the hospital's employees were negligent, the hospital will be liable (*Bing v Thunig,* 2 NY2d 656, 667). As a drastic remedy, summary judgment will not be granted where there is any significant doubt whether there is a material issue of fact (*Phillips v Kantor & Co.,* 31 NY2d 307, 311; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). The instant record, we conclude, discloses the existence of factual issues. Specifically, as plaintiff avers, there exist significant factual issues concerning any negligence on the part of Dr. Gona, the assisting surgeon, and as to whether the hospital nurses were negligent in failing to report plaintiff's worsening condition on March 17, 1974. We now turn to the hospital's contention that summary judgment was improperly denied with respect to the informed consent cause of action. On brief, plaintiff concedes this argument and, accordingly, Special Term's order must be modified insofar as it denied the hospital's motion for summary judgment as to plaintiff's second cause of action. Order modified, on the law, by reversing so much thereof as denied appellants' motion for summary judgment

---

* While more than one appellant is named in the caption to this action, they are either St. Peter's Hospital or employees of said hospital. Accordingly, appellants are referred to only as St. Peter's Hospital (hospital).

as to the second cause of action, and motion granted as to said cause of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.