■ Joan V. Campbell et al., Appellants, v Emma Laing Stevens Hospital et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered June 18, 1985 in Saratoga County, which partially granted defendant Emma Laing Stevens Hospital's motion for summary judgment dismissing the complaint against it.

On January 9, 1979, plaintiff Joan V. Campbell (hereinafter plaintiff), who had been a long-time patient of defendant Dr. Jay W. Edison, was admitted to defendant Emma Laing Stevens Hospital in Washington County suffering from severe abdominal pains. For the next four days, plaintiff underwent various tests and treatments by defendant hospital's staff pursuant to the orders of defendant Edison. Although her condition improved during this period, plaintiff suffered a drastic deterioration on January 13, 1979 which, after an examination by defendant Edison, necessitated her immediate transfer to Glens Falls Hospital in Warren County for emergency surgery to correct an intestinal perforation. The surgery was performed by Dr. Charles Barber at the Glens Falls Hospital because, as a medical hospital only, defendant hospital lacks surgical facilities. In Barber's opinion, the surgery was required to cure plaintiff's peritonitis which developed rapidly as the result of a sudden perforation of the sigmoid diverticulum.

We agree with Special Term that plaintiffs have failed to present proof in evidentiary form that defendant hospital's employees engaged in any negligent acts in administering treatment to plaintiff pursuant to the instructions of defendant Edison (see, Kimball v Scors, 59 AD2d 984, lv denied 43 NY2d 648). We disagree, however, with Special Term's conclusion that a question of fact exists as to whether defendant hospital can be held liable under the theory of respondeat superior for the acts of defendant Edison. The record establishes that defendant Edison had acted as plaintiff's treating physician for a number of years, and that plaintiff was admitted to defendant hospital pursuant to the instructions of defendant Edison, who was an independent private physician exercising hospital privileges. At all times, plaintiff was under defendant Edison's care, and defendant hospital's staff was simply carrying out his orders in regard to the treatment they administered to plaintiff. There is no proof in the record that defendant Edison was an employee of defendant hospital or

that defendant hospital had reason to know that any acts of malpractice would take place. In such circumstances, defendant hospital cannot be held liable for its failure to intervene in the relationship of physician and patient that admittedly existed between defendant Edison and plaintiff (see, *Davidson v Conole*, 79 AD2d 43, 45). To be contrasted is *Mduba v Benedictine Hosp.* (52 AD2d 450), upon which Special Term relied, wherein the plaintiff first came under the care of the doctor when she was admitted to the emergency room of the hospital, which had contracted with the doctor to provide the necessary treatment to patients entering the hospital through the emergency room.

Plaintiffs also seek to base their claim of malpractice upon defendant hospital's failure to have equipment available to perform certain tests. Special Term granted summary judgment to defendant hospital with respect to one of the tests, based upon defendant Edison's testimony that he did not order such a test, but summary judgment was denied as to the remaining tests because defendant Edison did not specifically rule out those tests. Since plaintiffs made no showing that the absence of any of the tests in question constituted negligence which proximately contributed to plaintiff's injuries, we are of the view that defendant hospital's motion should have been granted as to all of the test procedures.

Based upon the foregoing analyses, Special Term's order should be modified to grant defendant hospital's motion for summary judgment in its entirety (see, *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

Order modified, on the law, without costs, by deleting the three decretal paragraphs and substituting therefor a provision granting defendant Emma Laing Stevens Hospital's motion for summary judgment dismissing plaintiffs' complaint against it, and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.