CATHERINE SLEDZIEWSKI et al., Respondents, v L. A. CIOFFI et al., Respondents, and ELLIS HOSPITAL, Appellant.

Third Department, May 19, 1988

**APPEARANCES OF COUNSEL**

*Gold & Symansky (Dominique A. Pollara* of counsel), for appellant.

*Grasso, Rodriguez, Putorti & Grasso (Michael E. Basile* of counsel), for Catherine Sledziewski and another, respondents.

### OPINION OF THE COURT

WEISS, J.

In May 1984, defendant L. A. Cioffi, a physician, performed a total abdominal hysterectomy and related procedures on plaintiff Catherine Sledziewski (hereinafter plaintiff) at defendant Ellis Hospital. Plaintiff's postsurgery complaints of persistent urinary leakage led to further testing and medication upon readmission to the hospital, all under Cioffi's direction. Plaintiff eventually consulted another physician who diagnosed the cause of her urinary problems as vesicovaginal fistula, an opening between the bladder and vagina, allegedly created by Cioffi during the initial surgery. Plaintiff maintains the failure to timely diagnose and treat the condition required further surgery. This action for damages resulting from alleged medical malpractice was commenced against Cioffi, his professional corporation and the hospital. Plaintiff alleges that the hospital was vicariously liable for Cioffi's malpractice and was negligent in granting Cioffi staff privileges, in the failure of its nursing staff to order tests, in failing to maintain adequate records and in failing to obtain plaintiff's informed consent. Supreme Court denied the hospital's motion for summary judgment dismissing the complaint against it, thus giving rise to this appeal.

We reverse. Insofar as plaintiff seeks to hold the hospital vicariously liable for Cioffi's asserted negligence, we find that the hospital's motion for summary judgment should have been granted. Under the doctrine of respondeat superior, a hospital may be vicariously liable for the medical malpractice of physicians who act in an employment or agency capacity *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Fiorentino v Wenger,* 19 NY2d 407, 414; *Currier v St. Peter's Hosp.,* 89 AD2d 693). The premise for imputing liability is the element of control *(see, Kavanaugh v Nussbaum,* 71 NY2d 535). Here, the hospital made a prima facie showing that Cioffi did not serve as either its employee or agent, but as an independent treating physician responsible for his own negligence, if any. Cioffi's position as chief of the hospital's department of obstetrics and gynecology, which he held on a voluntary basis, does not, by itself, raise any inference that the hospital exercised control over his private practice *(see, Hill v St. Clare's Hosp., supra,* at

79; *Raschel v Rish,* 110 AD2d 1067, *affd* 69 NY2d 694). In his deposition testimony, Cioffi confirmed that he was neither employed nor compensated by the hospital, a status reiterated in the affidavit of Edward J. Vander Loop, the hospital's director of risk management and quality assurance.

Moreover, the record establishes that plaintiff procured Cioffi's services independently, and that Cioffi performed the surgery himself, attended by a resident from Albany Medical College. Cioffi also continued to treat plaintiff upon her discharge. Given this showing, it was incumbent upon plaintiff to come forward with evidentiary proof demonstrating a relationship of control between the hospital and Cioffi *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Zoldas v Louise Cab Corp.,* 108 AD2d 378, 382-383). The affidavit of plaintiff's attorney, accompanied by an unsworn report from her medical expert, completely failed to satisfy this burden. We further observe that the nature of the surgery performed and the attendant circumstances would not have given the hospital reason to suspect the alleged malpractice would occur *(see, Fiorentino v Wenger,* 19 NY2d 407, 415, 417, *supra; Campbell v Stevens Hosp.,* 118 AD2d 988, 989, *lv denied* 68 NY2d 604). Accordingly, Cioffi's asserted malpractice may not be imputed to the hospital.

■ Similarly, plaintiff failed to raise any factual issues concerning the granting of hospital privileges to Cioffi. A hospital may be liable for failing to properly review an independent physician's qualifications before according him use of the hospital's facilities *(see, Raschel v Rish, supra,* at 1068). In this regard, Vander Loop averred that he was fully familiar with the hospital's policies and procedures in granting hospital privileges, and that these procedures conformed with the standards utilized by other similarly situated facilities. Additionally, Vander Loop specifically reviewed the proceedings by which Cioffi was accorded privileges and confirmed that he was properly deemed qualified to hold privileges at the hospital. Since plaintiff failed to present any evidentiary proof in rebuttal, Supreme Court should have granted the hospital's motion in this respect *(cf., supra).*

■ ■ The hospital's motion should also have been granted with respect to plaintiff's informed consent claim, since she was under Cioffi's independent care and, as indicated above, there was no reason to suspect malpractice *(see, Fiorentino v Wenger, supra,* at 417; *Brandon v Karp,* 112 AD2d 490, 492-493). The same result attends plaintiff's claim premised on

substandard record keeping. Plaintiff maintains that the inadequate surgical record prepared by Cioffi's resident assistant contributed to her injuries, a thesis propounded in the unsworn report of plaintiff's medical expert. In his reply affidavit, Vander Loop explained that hospital policy requires the operating physician or his assistant to prepare the operative report. Here, the operative report was dictated by the assisting resident and signed by Cioffi. The record confirms, however, that this resident was not employed by the hospital, but was an Albany Medical College resident. As such, the hospital established prima facie that the hospital was not responsible for the surgical report of which plaintiff complains. Since plaintiff failed to counter with evidentiary proof in opposition, this aspect of the hospital's motion should also have been granted.

■ Finally, plaintiff predicates her claim on the nursing staff's failure to react to her symptoms and order the appropriate diagnostic testing to discern the actual cause of her condition as a fistula. Plaintiff emphasizes that her readmission records show that a team approach was utilized in assessing her condition and that she was misdiagnosed as having an infection. It is fundamental that a hospital nursing staff's primary duty is to follow the attending physician's orders unless, of course, such orders are clearly contraindicated by normal practice (Toth v Community Hosp., 22 NY2d 255, 265, n 3). A hospital may, however, be liable in malpractice where a "negligent act or omission by a nurse * * * constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (Bleiler v Bodnar, 65 NY2d 65, 72). An example is where a nurse fails to take a proper medical history or record information necessary for diagnosis or treatment (supra). Here, the hospital submitted the affidavit of Linda St. Louis, then the hospital's head nurse of general surgery and urology, who averred that the diagnosis of a patient's condition and diagnostic testing constitute the practice of medicine beyond the scope of nursing practice (see, Education Law § 6521). The record further confirms that plaintiff was readmitted under Cioffi's care. Under these circumstances, the responsibility of diagnosing plaintiff's condition remained with Cioffi, not the hospital's nursing staff. Nor did plaintiff present any evidence in proper form that Cioffi's directives were contraindicated by normal practice. Consequently, the hospital was also entitled to summary judgment dismissing this aspect of the complaint.

In sum, the hospital is entitled to summary judgment dismissing the complaint against it in its entirety.

MAHONEY, P. J., KANE, CASEY and MERCURE, JJ., concur.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Ellis Hospital.