■ BENEE C. DIXON, as Administratrix of the Estate of MINNIE DIXON, Deceased, Respondent, v HENRY FREUMAN et al., Respondents, and CALEDONIAN HOSPITAL, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant Caledonian Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated February 8, 1990, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the appellant payable by the plaintiff-respondent, the motion is granted, the plaintiff's complaint and the codefendants' cross claims are dismissed insofar as they are against the defendant Caledonian Hospital, and the action against the remaining defendants is severed.

The plaintiff's decedent commenced an action in order to recover compensation for the injuries she allegedly suffered as the result of a vesico-vaginal fistula. The defendant Caledonian Hospital, in its motion for summary judgment, adduced proof in admissible form sufficient to establish, among other things, that its staff in no way contributed to the occurrence of the fistula itself. The hospital's submissions also established that during the decedent's recovery from surgery, the codefendant Dr. Henry Freuman, one of the decedent's personal physicians, ordered that the use of a Foley catheter be discontinued. In the absence of proof that Dr. Freuman's order to discontinue the catheter was "clearly contraindicated by normal practice" *(Sledziewski v Cioffi,* 137 AD2d 186, 190), the hospital may not now be held liable on the theory that the

catheter should have been continued in order to allow constant monitoring of the decedent's "input and output" *(see, Sledziewski v Cioffi, supra; see also, Toth v Community Hosp.,* 22 NY2d 255).

There is, furthermore, no suggestion in the record as to how input and output could be monitored in the absence of a catheter. There is also no specific explanation as to how a closer monitoring of input and output would have led to an earlier discovery of the fistula, or as to how an earlier discovery of the fistula would have lessened the decedent's injuries. The assertions made by the plaintiff's expert in connection with these issues are wholly conclusory and thus devoid of evidentiary value *(see, e.g., Canosa v Abadir,* 165 AD2d 823; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Under these circumstances, we conclude that summary judgment should have been granted to the hospital. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.