■ DANIEL R. HODGE, as Administrator of the Estate of AUGUST H. HODGE, Deceased, Appellant, v FRANKLIN GENERAL HOSPITAL et al., Respondents. [610 NYS2d 837] —In an action to recover damages for wrongful death and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated March 3, 1992, which granted all of the defendants' motions to dismiss the plaintiff's complaint, except for Franklin General Hospital, on the ground that the action was brought after the expiration of the

applicable Statute of Limitations, and (2) an order of the same court, entered September 1, 1992, which granted the motion of Franklin General Hospital for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order dated March 3, 1992, is affirmed; and it is further,

Ordered that the order entered September 1, 1992, is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

With respect to the first appeal, we agree with the Supreme Court that this action is untimely as to the defendants Dr. Puntawee Limthong and Dr. Mohammed Muneerudden. These defendants were not served until after the expiration of the Statute of Limitations, and they were not "united-in-interest" with the hospital, which was timely served (see, CPLR 203 [b]; see also, Raschel v Rish, 69 NY2d 694).

With respect to the appeal from the order entered September 1, 1992, we find that the court properly dismissed the complaint insofar as it is asserted against the defendant hospital. The allegedly negligent acts of the defendants Dr. Limthong and Dr. Mohammed are not imputable to the hospital (see, Hill v St. Clare's Hosp., 67 NY2d 72), and the plaintiff failed to present sufficient evidence to show that the alleged negligence of the hospital or its employees was a proximate cause of the decedent's death (see, Dixon v Freuman, 175 AD2d 910; see also, Alvarez v Prospect Hosp., 68 NY2d 320).

The plaintiff's remaining contentions with respect to the appeal from the order entered September 1, 1992, are entirely without merit. The plaintiff's remaining contentions on appeal from the order dated March 3, 1992, are either without merit, or need not be addressed in light of our determination on the appeal from the order entered September 1, 1992. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.