■ JOHN EISEN, Deceased, by NATALIE REIS, as Executrix of JOHN EISEN, Appellant, v JOHN T. MATHER MEMORIAL HOSPITAL et al., Respondents. [717 NYS2d 342] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 26, 1999, which granted the motion of defendants Frank P. Lunati, Phillip J. Riggio, and John P. Biasetti, and the separate motion of the defendant John T. Mather Memorial Hospital, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered June 4, 1999, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The decedent, John Eisen, was a 92-year-old nursing home resident who suffered from chronic anemia and severe heart ailments and was a patient of the defendants Frank P. Lunati, Phillip J. Riggio, and John P. Biasetti (hereinafter collectively the doctors). On July 13, 1994, the decedent was admitted to the defendant John T. Mather Memorial Hospital (hereinafter the hospital) after falling and hitting his head. During his stay at the hospital, his heart and blood hemoglobin levels were monitored, and on August 6, 1994, the doctors ordered a blood transfusion when the decedent exhibited an extremely low blood hemoglobin level and shortness of breath. The decedent

died in his sleep the following morning. The plaintiff, Natalie Reis, as Executrix of the Estate of John Eisen, commenced this action alleging malpractice on the part of the doctors in failing to give an earlier transfusion and malpractice on the part of the hospital for failing to inquire as to why no earlier transfusion was given in light of the decedent's low blood counts.

The doctors and the hospital, in their respective motions, established their entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). The burden then shifted to the plaintiff to demonstrate the existence of a triable issue of fact (*see, Kaplan v Hamilton Med. Assocs.,* 262 AD2d 609). Contrary to the plaintiff's contention, the affidavit submitted by her medical expert did not establish that if any departure from acceptable standards of medical care by the doctors occurred, such departure was a proximate cause of the decedent's death (*see, Kaplan v Hamilton Med. Assocs., supra*; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358). Further, the affidavit submitted by the plaintiff's medical expert in response to the hospital's motion also failed to establish that the doctors' course of treatment was clearly contraindicated thereby requiring the hospital to make inquiries into the doctors' failure to order earlier blood transfusions (*see, Hodge v Frank Gen. Hosp.,* 202 AD2d 635; *Dixon v Freuman,* 175 AD2d 910). Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint. Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.