PATRICIA KRUCK et al., Respondents, v ST. JOHN's EPISCOPAL HOSPITAL, Appellant, et al., Defendants. [644 NYS2d 325]

Shortly after his birth at the defendant St. John's Episcopal Hospital (hereinafter the appellant) on August 24, 1982, the infant plaintiff was diagnosed as having a fractured right leg. A pediatric orthopedist casted the leg, and the infant was released from the hospital three days later. In January 1992, his parents commenced this medical malpractice action on his behalf, naming as defendants the appellant, the obstetrician and anesthesiologist who attended the delivery, and two pediatricians who cared for the infant in the neonatal nursery. The plaintiffs alleged that the infant had suffered permanent injuries as a result of his broken leg, and they sought unspecified compensatory damages.

After completion of discovery, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion finding that the appellant failed to make a prima facie showing of entitlement to judgment as a matter of law. We reverse.

The materials submitted by the appellant in support of its motion for summary judgment were sufficient to establish a prima facie entitlement to judgment as a matter of law. These materials included deposition testimony of the defendants Badin and DeSoto, and of the adult plaintiffs, that nothing happened in the delivery room to cause the injury at issue. The hospital also submitted nurses' notes stating that the injury was already present when the infant arrived in the neonatal nursery. The appellant also submitted an expert affirmation in which their expert opined that the injury could have occurred in utero or, in any event, in the absence of negligence. This evidence, when taken together, effectively shifted the burden to the plaintiffs to raise a triable issue of fact as to the appellant's negligence. The plaintiffs failed to meet this burden of proof.

The only evidence submitted by the plaintiffs which tended to show causation consisted of hearsay statements and a purported expert affirmation, which was unsigned and redacted the name of the expert. The plaintiffs offered no explanation for their failure to identify their expert by name or their failure to offer an unredacted affirmation for in camera review. Consequently, the appellant was unable to test the validity of their cause of action and to ensure that the purported expert in fact existed (cf., McCarty v Community Hosp., 203 AD2d 432). Accordingly, these materials were insufficient to raise a triable issue of fact as to the appellant's negligence (see, Zuckerman v City of New York, 49 NY2d 557; Alvarez v Prospect Hosp., 68 NY2d 320). In addition, the plaintiffs could not avail themselves of the doctrine of res ipsa loquitor since they did not establish that the injury was caused by an agency or instrumentality within the exclusive control of the appellant (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-227). Therefore, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.