◼ LANIE PEARCE et al., Appellants, v NICHOLAS KLEIN et al., Defendants, and NYACK HOSPITAL, Respondent. [741 NYS2d 89] —In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Rockland County (Meehan, J.), entered August 29, 2000, which granted the motion of the defendant Nyack Hospital for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by their brief,

from so much of an order of the same court (Weiner, J.), entered May 25, 2001, as denied that branch of the plaintiffs' motion which was denominated as a motion for leave to renew.

Ordered that the order entered August 29, 2000, is reversed, on the law, the motion for summary judgment is denied, and the complaint insofar as asserted against Nyack Hospital is reinstated; and it is further,

Ordered that the appeal from the order entered May 25, 2001, is dismissed as academic, in light of our determination on the appeal from the order entered August 29, 2000; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

While a hospital may not be held liable for the negligence of a private attending physician practicing at its facility, it may be held concurrently liable with a private physician for the independent negligence of its medical staff (*see Barnes v Sheehan Mem. Hosp.,* 275 AD2d 1028; *Gerner v Long Is. Jewish Hillside Med. Ctr.,* 203 AD2d 60). There are questions of fact as to whether the staff at the defendant Nyack Hospital departed from good and accepted medical practice by failing to take adequate measures to summon the attending physician or an emergency room physician when the infant's fetal heart rate dropped below normal (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Baez v Lockridge,* 259 AD2d 573; *Allone v University Hosp. of N.Y. Univ. Med. Ctr.,* 235 AD2d 447; *Gerner v Long Is. Jewish Hillside Med. Ctr., supra*; *Spadaccini v Dolan,* 63 AD2d 110). Accordingly, summary judgment should have been denied. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.