■ GLORIA ROSE, Appellant, v HORTON MEDICAL CENTER, Respondent. [816 NYS2d 174]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered February 22, 2005, which, upon an order of the same court dated January 18, 2005, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In 1999 the plaintiff's decedent was admitted to Horton Medical Center (hereinafter the Hospital) where he subsequently died. In 2001 the plaintiff commenced this action against the Hospital alleging, inter alia, that the Hospital failed to properly diagnose and treat the decedent. Thereafter the Hospital successfully moved for summary judgment dismissing the complaint. However, upon a prior appeal to this Court, the judgment was reversed and the complaint was reinstated (see Rose v Horton Med. Ctr., 5 AD3d 459, 460-461 [2004]). In pertinent part, this Court held: "The defendant, Horton Medical Center . . . , established its prima facie entitlement to judgment as a matter of law by demonstrating that plaintiff's decedent was treated only by private attending physicians who were not employees of the Hospital, and thus it could not be held vicariously liable for any alleged malpractice (see Woodard v LaGuardia Hosp., 282 AD2d 529 [2001]). However, in opposition thereto, the plaintiff raised a material issue of fact in this regard by

submitting proof that a doctor, who may have been a Hospital employee, examined and prescribed a course of treatment for the decedent on the day before he died. Under such circumstances, the Hospital was not entitled to summary judgment dismissing the complaint (*see Malcolm v Mount Vernon Hosp.,* 309 AD2d 704 [2003])."

Subsequent to this decision and order, the Hospital again moved for summary judgment, submitting proof that all of the doctors who treated the decedent, including the doctor who prescribed a course of treatment on the day before he died, were private physicians who were not employed by the Hospital. The Supreme Court granted the motion and dismissed the complaint. We affirm.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the Hospital's motion for summary judgment. Although "[m]ultiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*Flomenhaft v Fine Arts Museum of Long Is.,* 255 AD2d 290 [1998]; *see Giganti v Town of Hempstead,* 186 AD2d 627, 628 [1992]) a subsequent summary judgment motion may be properly entertained when "it is substantively valid and [when] the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (*Detko v McDonald's Rests. of N.Y.,* 198 AD2d 208, 209 [1993]; *see also Post v Post,* 141 AD2d 518 [1988]; *Freeze Right Refrig. & A.C. Servs. v City of New York,* 101 AD2d 175 [1984]). At the time the Hospital brought its second summary judgment motion, this Court had already concluded that while the Hospital had established its prima facie entitlement to judgment, there remained a sole issue of fact to be resolved. Therefore, the Supreme Court properly entertained the Hospital's subsequent motion which addressed that issue, and which, in the opinion of the Supreme Court, eliminated the question of fact, thus warranting dismissal of the complaint. Under such circumstances, it was a better use of judicial resources to entertain this second summary judgment motion, instead of conducting a full trial (*see Mount Vernon Fire Ins. Co. v Timm,* 237 AD2d 586 [1997]).

The Supreme Court also properly rejected the redacted and unsigned "affidavit" of the plaintiff's expert. The plaintiff offered no explanation for the failure to identify the expert by name or the failure to offer an unredacted affirmation for in camera review. Accordingly, that affidavit was insufficient to raise a triable issue of fact as to the Hospital's alleged malprac-

tice (*see Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565 [1996]; *see also Cook v Reisner*, 295 AD2d 466 [2002]; *Fuller v Tae Kwon*, 259 AD2d 662 [1999]; *Marano v Mercy Hosp.*, 241 AD2d 48 [1998]).

Based upon the record, as well as our determination on the prior appeal, the Hospital demonstrated its prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition thereto. Accordingly, the Supreme Court properly granted the Hospital's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.