■ Jeannie Costello, Respondent, v Asad Kirmani et al., Appellants. [863 NYS2d 262]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated September 17, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Asad Kirmani and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On July 31, 2002 the plaintiff was admitted to the defendant Beth Israel Medical Center (hereinafter Beth Israel). Two days later, she fell in her hospital room. She subsequently commenced the instant action to recover damages for injuries she allegedly sustained as a result of that fall.

Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We modify.

The defendants Arnold Winston and Beth Israel met their

burden of demonstrating their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). They submitted a medical expert's affirmation establishing, inter alia, that Winston, who was the plaintiff's attending physician during her hospitalization, and the members of Beth Israel's staff who assessed the plaintiff to determine her "risk for falls," did not deviate from accepted standards of medical practice (*see Rosenman v Shrestha*, 48 AD3d 781, 783-784 [2008]). In response, the plaintiff submitted a medical expert's affirmation sufficient to raise triable issues of fact as to whether Winston and Beth Israel's staff did indeed deviate from accepted standards of medical practice, and, if so, whether any departure was a proximate cause of the plaintiff's alleged injuries (*see Wallenquest v Brookhaven Mem. Hosp. Med. Ctr.*, 28 AD3d 538, 539 [2006]). Accordingly, the Supreme Court properly denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against Winston and Beth Israel.

However, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Asad Kirmani. Kirmani, who, at the time of the plaintiff's hospitalization, was a first-year resident working at Beth Israel for less than one month, met his burden of demonstrating his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). He submitted evidence establishing, inter alia, that he implemented a treatment plan created by Winston that was not "so clearly contraindicated by normal practice that ordinary prudence require[d] inquiry into" the plan's "correctness" (*Cook v Reisner*, 295 AD2d 466, 467 [2002] [internal quotation marks omitted]; *Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 253 AD2d 616, 618 [1998]). In response, the plaintiff failed to raise a triable issue of fact (*see Cook v Reisner*, 295 AD2d at 467). Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.