■ KRISTEN SULLIVAN et al., Appellants-Respondents, v RICHARD SIROP et al., Defendants, and GOOD SAMARITAN HOSPITAL, Respondent-Appellant. [905 NYS2d 240]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated August 12, 2009, as granted that branch of the motion of the defendant Good Samaritan Hospital which was for summary judgment dismissing the claim that it was vicariously liable for the alleged malpractice of a nonparty ultrasound sonographer, and the defendant Good Samaritan Hospital cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the claim that it was vicariously liable for the alleged malpractice of the defendant Harry N. Boltin.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant Good Samaritan Hospital which was for summary judgment dismissing the claim that it was vicariously liable for the alleged malpractice of the defendant Harry N. Boltin is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Good Samaritan Hospital.

Contrary to the plaintiffs' contention, the Supreme Court properly held that the defendant Good Samaritan Hospital (hereinafter Good Samaritan) was entitled to summary judgment dismissing the claim that it was vicariously liable for the alleged malpractice of Diane Barron, an ultrasound sonographer employed by the hospital. The plaintiffs asserted that Barron committed malpractice in failing to detect or report the infant plaintiff's enlarged liver when Barron was taking a sonogram of his kidneys. However, in opposition to Good Samaritan's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. Barron's deposition testimony, upon which the plaintiffs relied, demonstrated that she had no duty to interpret or make notes on the sonograms she performed and that it was the duty of the radiologist who reviewed these studies to interpret them. The affidavit of the plaintiffs' expert also was insufficient to raise a triable issue of fact because it was conclusory, and that expert conceded that it is not the responsibility of an ultrasound sonographer to interpret a radiological study (*see Furey v Kraft*, 27 AD3d 416

[2006]). Since there is no question of fact as to whether Barron was negligent, Good Samaritan could not be held vicariously liable for Barron's actions.

The Supreme Court, however, erred in denying that branch of Good Samaritan's motion which was for summary judgment dismissing the claim that it was vicariously liable for the alleged malpractice of the defendant radiologist Harry N. Boltin. In general, "a hospital may not be held [liable] for the acts of [a physician] who was not an employee of the hospital, but one of a group of independent contractors" (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). "However, vicarious liability for the medical malpractice of an independent, private attending physician may be imposed under a theory of apparent or ostensible agency by estoppel" (*Dragotta v Southampton Hosp.*, 39 AD3d 697, 698 [2007]). In order to create such apparent agency, the plaintiff must "reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent. Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill" (*Dragotta v Southampton Hosp.*, 39 AD3d 697, 698 [2007]; *see also King v Mitchell*, 31 AD3d 958, 959 [2006]).

Good Samaritan established its prima facie entitlement to judgment as a matter of law by submitting evidence that Boltin was not a Good Samaritan employee (*see Dragotta v Southampton Hosp.*, 39 AD3d 697, 699 [2007]; *see also Sita v Long Is. Jewish-Hillside Med. Ctr.*, 22 AD3d 743 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Good Samaritan may be held vicariously liable for Boltin's alleged malpractice under the doctrine of apparent or ostensible agency. The evidence submitted in opposition to the motion, including the plaintiff mother's affidavit, was insufficient to show that the plaintiffs' perception of Boltin's employment status was based on any words or actions on the part of Good Samaritan, or that the plaintiffs relied upon the perceived association between Boltin and Good Samaritan in seeking Boltin's services (*see Schultz v Shreedhar*, 66 AD3d 666 [2009]; *Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d 934, 935-936 [2007]; *King v Mitchell*, 31 AD3d 958, 959-960 [2006]; *Bevelacqua v Yonkers Gen. Hosp.*, 10 AD3d 668 [2004]). Accordingly, the Supreme Court should have granted that branch of Good Samaritan's motion which was for summary judgment dismissing the claim that it was vicariously liable for Boltin's alleged malpractice. Skelos, J.P., Eng, Hall and Lott, JJ., concur.