■ KAREN BELLAFIORE, Appellant, v JOHN JOSEPH RICOTTA et al., Defendants, and DANIEL JAY CHAR et al., Respondents. [920 NYS2d 373]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 21, 2009, as granted the motion of the defendants Daniel Jay Char, Denise Ortega, and Mohammed Alam for summary judgment dismissing the complaint insofar as asserted against them. Justice Miller has been substituted for the late Justice Fisher (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent, Dominic Bellafiore, underwent renal bypass surgery at Stony Brook University Medical Center on February 13, 2002. The surgery was performed by the defendant John Joseph Ricotta, who was assisted by the defendants Daniel Jay Char, a vascular surgery fellow, and Denise Ortega, a surgical resident. After the surgery, there was a concern about internal bleeding, and a second surgery was performed by Ricotta, as-

sisted by Char. Postsurgery, the decedent developed complications. The decedent was seen by, among others, the defendant Mohammed Alam, an infectious disease fellow, and his attending physician, for an infectious disease consult. The decedent did not recover and died on May 15, 2002.

The appellant commenced this action against numerous doctors who provided her husband's care. The Supreme Court, inter alia, granted the motion of the defendants Char, Ortega, and Alam (hereinafter collectively the defendants) for summary judgment dismissing the complaint insofar as asserted against them. We affirm the order insofar as appealed from.

"Although vicarious liability for medical malpractice generally turns upon agency or control, apparent or ostensible agency may also serve as a predicate for such liability" (*Williams v Howe*, 297 AD2d 671, 672 [2002]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72 [1986]). When supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviates from normal medical practice that they should be held liable for failing to intervene (*see Soto v Andaz*, 8 AD3d 470 [2004]; *Costello v Kirmani*, 54 AD3d 656 [2008]; *Crawford v Sorkin*, 41 AD3d 278 [2007]).

Here, the defendants met their prima facie burden of demonstrating that, during their treatment of the decedent, they did not exercise any independent medical judgment, but were under the direct supervision of their attending physicians, whose directions did not so greatly deviate from normal practice that the defendants should be held liable for failing to intervene. In opposition, the plaintiff failed to raise a triable issue of fact (*see Costello v Kirmani*, 54 AD3d 656 [2008]; *Muniz v Katlowitz*, 49 AD3d 511 [2008]; *Turcsik v Guthrie Clinic, Ltd.*, 12 AD3d 883 [2004]; *Soto v Andaz*, 8 AD3d 470 [2004]; *cf. Pearce v Klein*, 293 AD2d 593 [2002]).

In light of our determination, we need not address the defendants' remaining contention. Mastro, J.P., Roman, Sgroi and Miller, JJ., concur.