■ SHAN FRANCE, as Administrator of the Estate of INEZ MARTINEZ, Also Known as INEZ MARTINEZ-FRANCE, Deceased, Appellant, v THEODORE PACKY, M.D., et al., Defendants, and KYLE KWOK, M.D., et al., Respondents. [994 NYS2d 364]—

In an action, inter alia, to recover damages for negligence and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 24, 2012, which granted the motion of the defendants Kyle Kwok, Jennifer Ehlers, and Jeanmarie Delisi for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated October 9, 2012, which denied his motion for leave to reargue and renew his opposition to the motion of those defendants.

Ordered that the appeal from so much of the order dated October 9, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 24, 2012, is affirmed; and it is further,

Ordered that the order dated October 9, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Kyle Kwok, Jennifer Ehlers, and Jeanmarie Delisi.

In 2007, Inez Martinez commenced this action to recover damages, inter alia, for medical malpractice arising out of the alleged failure of the defendants, who cared for her in the Emergency Department of Stony Brook University Medical Center on April 28, 2005, to diagnose and treat her bacterial meningitis. Following Martinez's death in 2009, Shan France, as administrator of her estate, was substituted as the plaintiff. After the Supreme Court granted the motion of the defendants Kyle Kwok and Jennifer Ehlers, who were both first-year medical residents on April 28, 2005, and the defendant Jeanmarie Delisi, a nurse (hereinafter collectively the defendants), for summary judgment dismissing the complaint insofar as asserted against them, the plaintiff moved for leave to renew and reargue his opposition to the motion.

As the proponents of the motion for summary judgment, the defendants sustained their burden of making a prima facie showing of their entitlement to judgment as a matter of law by submitting deposition testimony, hospital records, and the affirmation of their medical expert establishing that at all times they acted under the direction and supervision of the attending physicians and that they lacked the authority to independently order tests and medication (see Petty v Pilgrim, 22 AD3d 478 [2005]). Contrary to the plaintiff's contention that the defendants "played an active role" (Muniz v Katlowitz, 49 AD3d 511, 514 [2008] [internal quotation marks omitted]) in physically examining Martinez and participating in her diagnosis and discharge from care, this did not demonstrate the exercise of independent medical judgment (see Soto v Andaz, 8 AD3d 470, 471 [2004]; Walter v Betancourt, 283 AD2d 223 [2001]; cf. Hawkins v Brooklyn-Caledonian Hosp., 239 AD2d 549 [1997]). In addition, the defendants demonstrated that the diagnosis and treatment plan implemented and continued under the supervision of the attending physicians did not include orders so clearly contraindicated by normal practice that ordinary prudence required inquiry into the correctness of the orders (see Costello v Kirmani, 54 AD3d 656, 657 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact. The Supreme Court properly rejected the redacted and unsigned affirmation of the plaintiff's medical expert where the plaintiff offered no explanation for the failure to identify the expert by name or the failure to offer an unredacted affirmation for in camera review. Accordingly, that affidavit was insufficient to raise a triable issue of fact as to the defendants' alleged malpractice (*see Rose v Horton Med. Ctr.*, 29 AD3d 977, 978-979 [2006]; *Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565 [1996]; CPLR 3101 [d] [1] [i]). The defendants' summary judgment motion, therefore, was properly granted (*see Kruck v St. John's Episcopal Hosp.*, 228 AD2d at 566).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to renew since the plaintiff failed to demonstrate that the additional facts contained in the unredacted affidavit of the plaintiff's expert submitted for in camera review would have changed the court's determination granting the defendants' summary judgment motion (*see Plaza Equities, LLC v Lamberti*, 118 AD3d 687 [2014]; CPLR 2221 [e] [2]). The plaintiff's expert made no assertion that the defendants exercised independent medical judgment, nor did he dispute that the defendants were at all times operating under the supervision and direction of the attending physicians. Further, that expert's vague and conclusory statements failed to establish that the defendants knew or should have known that the orders of the attending physicians were so clearly contraindicated by normal emergency department practice as to raise a triable issue of fact as to whether ordinary prudence required inquiry into the correctness of the orders (*see Poter v Adams*, 104 AD3d 925, 927 [2013]; *Costello v Kirmani*, 54 AD3d at 657; *Vaccaro v St. Vincent's Med. Ctr.*, 71 AD3d 1000, 1002 [2010]; *Walter v Betancourt*, 283 AD2d at 224; *Eisen v Mather Mem. Hosp.*, 278 AD2d 272, 273 [2000]; *cf. Fink v DeAngelis*, 117 AD3d 894 [2014]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.