■ YENIFER ZHUZHINGO, an Infant, by Her Mother and Natural Guardian, YESICA VERDUGO, Respondent-Appellant, v KAPRICE SIMONE MILLIGAN, Also Known as KAPRICE SIMONE WELSH, CNM, et al., Respondents, and PHELPS MEMORIAL HOSPITAL CENTER et al., Appellants-Respondents, et al., Defendant. [995 NYS2d 588]—

In an action to recover damages for medical malpractice, the defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 30, 2012, as denied that branch of their motion which

was for summary judgment dismissing so much of the complaint as alleged that they were vicariously liable for the alleged malpractice of the defendant Patricia Marie Mahoney, and (2) so much of an order of the same court entered December 31, 2012, as denied that branch of their motion which was for leave to renew, and the plaintiff cross-appeals, as limited by her brief, from (1) so much of the order entered August 30, 2012, as granted the motion of the defendant Kaprice Simone Milligan, also known as Kaprice Simone Welsh, for summary judgment dismissing the complaint insofar as asserted against her, and granted that branch of the motion of the defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center, which was for summary judgment dismissing so much of the complaint as alleged that they were concurrently liable with the defendant Patricia Marie Mahoney for the independent negligence of their nursing staff, and (2) so much of the order entered December 31, 2012, as denied her cross motion for leave to renew and reargue.

Ordered that the cross appeal from so much of the order entered December 31, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order entered December 31, 2012, as denied that branch of the motion of the defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center, which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order entered August 30, 2012; and it is further,

Ordered that the order entered August 30, 2012, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center, which was for summary judgment dismissing so much of the complaint as alleged that they were vicariously liable for the alleged malpractice of the defendant Patricia Marie Mahoney, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision

thereof granting that branch of the motion of the defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center, which was for summary judgment dismissing so much of the complaint as alleged that they were concurrently liable with the defendant Patricia Marie Mahoney for the alleged independent negligence of their nursing staff, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered August 30, 2012, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered December 31, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Kaprice Simone Milligan, also known as Kaprice Simone Welsh, payable by the plaintiff.

This action was commenced on behalf of the infant plaintiff to recover damages for alleged medical malpractice committed in connection with her birth at the defendant Phelps Memorial Hospital Center. The birth was managed by the defendant Patricia Marie Mahoney, a nurse-midwife, with the assistance of the defendant Kaprice Simone Milligan, also known as Kaprice Simone Welsh (hereinafter Milligan), a student training to become a nurse-midwife, and members of the hospital's nursing staff.

The defendants Phelps Memorial Hospital Center, Phelps Physician Hospital Organization, Inc., doing business as Phelps Memorial Hospital Center, and Phelps Memorial Hospital Association, doing business as Phelps Memorial Hospital Center (hereinafter collectively the Phelps defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they could not be held either vicariously or concurrently liable for the damages alleged. Milligan separately moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court denied that branch of the Phelps defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that they were vicariously liable for Mahoney's alleged malpractice, granted that branch of the Phelps defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that they were concurrently liable with Mahoney for the alleged independent negligence of their nursing staff, and granted Milligan's motion for summary judgment dismissing the complaint insofar as asserted against her.

In the second order appealed from, the Supreme Court denied that branch of the Phelps defendants' motion which was for leave to renew that branch of their prior motion which was for summary judgment dismissing so much of the complaint as alleged that they were vicariously liable for Mahoney's alleged malpractice, and denied the plaintiff's cross motion for leave to reargue and renew her opposition to the Phelps defendants' and Milligan's motions.

In general, "a hospital may not be held [liable] for the acts of [a physician] who was not an employee of the hospital, but one of a group of independent contractors" (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *see Mondello v New York Blood Ctr.— Greater N.Y. Blood Program*, 80 NY2d 219, 228 [1992]; *Fiorentino v Wenger*, 19 NY2d 407, 414 [1967]; *Keitel v Kurtz*, 54 AD3d 387, 390 [2008]). However, a hospital can be held concurrently liable with a private attending physician if its employees commit independent acts of negligence or the attending physician's orders are contraindicated by normal practice (*see Corletta v Fischer*, 101 AD3d 929, 930 [2012]; *Cerny v Williams*, 32 AD3d 881, 883 [2006]). "When supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviates from normal medical practice that they should be held liable for failing to intervene" (*Bellafiore v Ricotta*, 83 AD3d 632, 633 [2011]; *see Costello v Kirmani*, 54 AD3d 656, 657 [2008]; *Soto v Andaz*, 8 AD3d 470, 471 [2004]).

The Supreme Court erred in denying that branch of the Phelps defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that they were vicariously liable for Mahoney's alleged malpractice. They established their prima facie entitlement to judgment as a matter of law by submitting evidence that Mahoney was a private attending nurse-midwife, and not their employee (*see Sullivan v Sirop*, 74 AD3d 1326, 1328 [2010]; *Dragotta v Southampton Hosp.*, 39 AD3d 697, 699 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the Phelps defendants cannot be held responsible for Mahoney's alleged malpractice pursuant to 10 NYCRR 405.5 (a) (5), referable to the provision of nursing care, as the record demonstrates that she was managing the birth of the infant plaintiff as a midwife, and not providing nursing care at the time the alleged malpractice took place.

The Supreme Court erred in granting that branch of the Phelps defendants' motion which was for summary judgment

dismissing so much of the complaint as alleged they were concurrently liable with Mahoney for the alleged independent negligence of their nursing staff. In opposition to the Phelps defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the Phelps defendants' nursing staff departed from good and acceptable medical practice by failing to summon an obstetrician when the infant plaintiff's fetal heart rate dropped below normal (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Pearce v Klein*, 293 AD2d 593, 594 [2002]).

The Supreme Court properly granted Milligan's motion for summary judgment dismissing the complaint insofar as asserted against her. Milligan met her prima facie burden of demonstrating that, during the infant plaintiff's birth, she did not exercise any independent medical judgment, but was under the direct supervision of Mahoney, the attending nurse-midwife, whose directions did not so greatly deviate from normal medical practice that she should be held liable for failing to intervene. In opposition, the plaintiff failed to raise a triable issue of fact (*see Costello v Kirmani*, 54 AD3d at 657; *Muniz v Katlowitz*, 49 AD3d 511, 513-514 [2008]; *Turcsik v Guthrie Clinic, Ltd.*, 12 AD3d 883, 885-886 [2004]; *Soto v Andaz*, 8 AD3d at 471-472).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to renew her opposition to Milligan's motion for summary judgment, since there was no reasonable justification for the plaintiff's failure to submit the purportedly new evidence in opposition to Milligan's motion for summary judgment (*see* CPLR 2221 [e]; *Phillips v City of New York*, 107 AD3d 774 [2013]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.