## Brooklyn 5511 Mgt. LLC v Hang Feng 5511 LLC

2024 NY Slip Op 34372(U)

December 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 521763/2021

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
-----------------------------------------------x
BROOKLYN 5511 MANAGEMENT LLC
                                    Plaintiffs,        Decision and order

          - against -                                 Index No. 521763/2021

HANG FENG 5511 LLC,
                                    Defendant,         December 16, 2024
-----------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                          Motion Seq. #3


The defendant has once again moved pursuant to CPLR §3212 seeking summary judgement dismissing the lawsuit and cancelling the Notice of Pendency. The plaintiff has opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

As recorded in prior orders, on April 7, 2021 the plaintiff purchaser entered into a contract with defendant seller concerning property located at 5517 7th Avenue in Kings County. The purchase price was $2,999,000 and the plaintiff made a down payment of $300,000. A rider to the contract provided that "Seller acknowledges that Purchaser is permitted to assume the Seller's existing underlying mortgage and Seller shall cooperate to facilitate the process. However, if the mortgage is not assumable, purchaser must still proceed to purchase" (see, Rider to Contract, ¶X [NYSCEF Doc. No. 20]). Instead of assuming the mortgage and completing a mortgage application required by the mortgagor, the plaintiff proposed purchasing the defendant's

[*1]

shares of the corporation to assume the mortgage in that way. The defendant consented, however, upon learning of negative tax consequences in the amount of $54,750, the defendant requested the plaintiff pay that amount to facilitate the transfer of shares. The plaintiff refused and offered $10,000. A time of the essence letter was sent by the defendant requiring the closing take place on July 30, 2021. On that date the plaintiff failed to appear. The defendant declared the contract breached and entered into another contract to sell the property to someone else. The plaintiff filed a Notice of Pendency and a summons and complaint seeking a return of the down payment or specific performance ordering a closing pursuant to the contract and attorney's fees. The defendant has moved again essentially seeking summary judgement dismissing the complaint as well as cancelling the Notice of Pendency on the grounds there are no questions of fact the complaint fails to support the claims asserted. The plaintiff opposes the motion contending there are questions of fact whether the complaint alleges valid claims.

### Conclusions of Law

It is well settled that "successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (see, P.J.37 Food Corp., v. George Doulavaris & Son Inc., 189 AD3d 858, 137 NYS2d 437 [2d Dept., 2020]). Thus, where

[*2]

the party sufficiently demonstrates that evidence was not available to it when the first summary judgement motion was filed then a successive motion is proper (Hillrich Holding Corp., v. BMSL Management LLC, 175 AD3d 474, 103 NYS3d 846 [2d Dept., 2019]).

Therefore, any testimony or affidavit of any member of the defendant, the prior movant, is insufficient to constitute new evidence since it was readily available when the first summary judgement motion was filed (Binar v. Litman, 110 AD3d 867, 972 NYS2d 704 [2d Dept., 2013]).

Moreover, concerning the deposition of Mr. To, which took place after the motion for summary judgement was filed, the case of Perretta v. New York City Transit Authority, 230 AD3d 428, 217 NYS3d 30 [1st Dept., 2024] is instructive. In that case the plaintiff, Kathleen Perretta filed a summary judgement motion before the conclusion of all discovery. The court explained that "in her rush to obtain summary judgment and to avoid the inevitable delays in discovery that resulted from the COVID-19 pandemic restrictions, plaintiff chose to rely on FOIL responses, believing that her submissions would be sufficient" (id). Summary judgement was denied and the parties proceeded with discovery. Following all discovery the plaintiff again moved seeking summary judgement. In denying the request the court held that "her motion was not denied "without prejudice" nor was she

3

[*3]

granted "leave to renew" after discovery was completed. Having made these choices in the litigation, she cannot now be heard to complain that she was unable to obtain the evidence necessary to support her prior motion for summary judgment" (id). Further, the court explained that "plaintiff's renewal motion is a second attempt at summary judgment on liability, which was denied by the court on her first motion. Her first motion was premature. She should have waited for the completion of discovery before moving for summary judgment and her renewal motion should not be granted unless the new facts resolve or eliminate the factual issues found by the court in denying her first motion" (id).

Likewise, in this case, the motion seeking summary judgement was filed less than two months after the amended complaint was filed, without any discovery at all. The defendant cannot at this juncture assert the deposition testimony of Mr. To is now "new" and sufficient to warrant granting summary judgement. Nor does the deposition testimony of Mr. To eliminate all questions of fact. Thus, it is improper to seek renewal of a summary judgement based upon deposition testimony, when no explanation has been presented why the deposition could not have taken place prior to the submission of the motion (Castillo v. TRM Contracting 626 LLC, 223 AD3d 458, 203 NYS3d 51 [1st Dept., 2024]).

A successive motion for summary judgement would be

4

[*4]

appropriate where the successive motion raises different arguments and adduces evidence that was truly not available at the time the first motion for summary judgment was filed (North Fork Preserve, Inc. v. Kaplan, 68 AD3d 732, 890 NYS2d 93 [2d Dept., 2009]) or is predicated upon events which occurred after the original motion for summary judgment was filed (Citicorp Trust Bank, FSB v. Makkas, 127 AD3d 907, 7 NYS3d 379 [2d Dept., 2015]) or where the motion is based on a decision of the court of appeals rendered after denial of the first motion (Rose v. Horton Medical Center, 29 AD3d 977, 816 NYS2d 174 [2d Dept., 2006]). Alternatively, a successive motion would be proper where the motion is made after the completion of discovery and involves legal issues not previously decided (Green Harbour Homeowners Association, Inc. v. Ermiger, 128 AD3d 1142, 8 NYS3d 705 [3d Dept., 2015]).

As noted, in this case the first summary judgement was prematurely filed before any discovery took place. That strategic litigation tactic cannot permit successive summary judgement motions to be filed based upin simple deposition testimony that should have preceded the summary judgement motion.

Therefore, the motion seeking summary judgement is denied.

So ordered.

ENTER:

DATED: December 16, 2024
        Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5