McAteer v Sheng (2026 NY Slip Op 01779)

McAteer v Sheng

2026 NY Slip Op 01779

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2020-09245
 (Index No. 713777/16)

[*1]Daniel McAteer, etc., et al., appellants, 
vSteven Sheng, etc., et al., respondents, et al., defendants.

Phillips & Paolicelli, LLP, New York, NY (Daniel J. Woodard and Ari L. Taub of counsel), for appellants.
Peter C. Kopff, LLC (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Melissa A. Danowski, and Katherine Solomon], of counsel), for respondents Peter Ehern Sterbutzel and Good Samaritan Hospital Medical Center, and Kaufman, Borgeest & Ryan, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Melissa A. Danowski, and Katherine Solomon], of counsel), for respondent Steven Sheng (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated November 20, 2020. The order, insofar as appealed from, granted the motion of the defendants Peter Ehern Sterbutzel and Good Samaritan Hospital Medical Center, and the separate motion of the defendant Steven Sheng, for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On September 11, 2015, the defendant Mark Pillitteri performed a cesarean section on Taryn McAteer (hereinafter Taryn) at the defendant Good Samaritan Hospital Medical Center (hereinafter the hospital). Pillitteri, Taryn's obstetrician and the private attending physician, was assisted in his care of Taryn by the defendants Steven Sheng and Peter Ehern Sterbutzel, both third-year residents employed by the hospital. Taryn was discharged from the hospital on September 15, 2015. Four days later, on September 19, 2015, Taryn suffered a cardiac arrest and anoxic brain injury. She remains incapacitated.
In November 2016, the plaintiffs commenced this action against, among others, Sheng, Sterbutzel, and the hospital, inter alia, to recover damages for medical malpractice. Insofar as is relevant to this appeal, the plaintiffs alleged that Taryn's cardiac arrest and anoxic brain injury were caused by negligent treatment provided by Sheng and Sterbutzel at the hospital. Sterbutzel and the hospital moved, and Sheng separately moved, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated November 20, 2020, the Supreme Court, among other things, granted both motions. The plaintiffs appeal.
"[A] hospital can be held concurrently liable with a private attending physician if its [*2]employees commit independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (Zhuzhingo v Milligan, 121 AD3d 1103, 1106; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 634). However, "'[w]hen supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviates from normal medical practice that they should be held liable for failing to intervene'" (Zhuzhingo v Milligan, 121 AD3d at 1106, quoting Bellafiore v Ricotta, 83 AD3d 632, 633; see Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d at 634).
Here, viewing the evidence in the light most favorable to the plaintiffs (see Brower v Staten Is. Univ. Hosp., 233 AD3d 1019, 1019), Sterbutzel, the hospital, and Sheng established, prima facie, that Sterbutzel and Sheng did not exercise independent medical judgment when treating Taryn at the hospital and that Pillitteri's treatment directions did not so greatly deviate from normal medical practice such that Sterbutzel and Sheng should have intervened (see Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 797; Zhuzhingo v Milligan, 121 AD3d at 1106; Bellafiore v Ricotta, 83 AD3d at 633). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Nasima v Dolen, 149 AD3d 759; France v Packy, 121 AD3d 836).
Accordingly, the Supreme Court properly granted the motion of Sterbutzel and the hospital, and Sheng's separate motion, for summary judgment dismissing the amended complaint insofar as asserted against each of them.
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court