■ PHILOMENA SARIVOLA et al., Respondents, v BROOKDALE HOSPITAL AND MEDICAL CENTER, Appellant. [612 NYS2d 151] — Order, Supreme Court, Kings County (Nicholas A. Clemente, J.), entered on or about March 4, 1992, which denied defendant's motion for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, and the motion granted, without costs.

This is a malpractice case where plaintiffs seek to impose liability on defendant hospital for treatment provided by a private doctor (radiologist) who was not an employee of the hospital, but maintained an office there. Plaintiff failed to submit an affidavit setting forth whom she believed was responsible for her treatment, but the evidence indicates that she was referred to the private physician by another private physician. The doctor alleged that he specifically advised plaintiff that he was a private physician, unaffiliated with the hospital. There is no evidence of independent acts of malpractice committed by the hospital technicians who operated the radiation equipment. There is no evidence or expert testimony that the doctor's orders were so radically different from accepted practice that the technicians should have questioned them or not carried them out.

When treatment is rendered by a private attending physician, not in the employ of a hospital, the general rule is that the hospital is not liable for acts of malpractice which are committed in carrying out the independent physician's orders *(Toth v Community Hosp.,* 22 NY2d 255, 265; *Fiorentino v Wenger,* 19 NY2d 407, 415). However, a hospital may be held vicariously liable, based on the principle of agency by estoppel, for the acts of an independent physician where the physician was provided by the hospital or was otherwise

acting on the hospital's behalf, and the patient reasonably believed that the physician was acting at the hospital's behest *(Soltis v State of New York,* 172 AD2d 919).

Since plaintiff did not seek treatment from the hospital directly and the hospital did not send plaintiff to the radiologist, the estoppel theory is not available to plaintiff. Nor, given the totality of the circumstances here, could the plaintiff have reasonably believed that the physician was employed by the hospital, since it is quite common for independent physicians to utilize hospital office facilities. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.