■ ADAM PRATT, Respondent, v GREGORY HABER, M.D., et al., Appellants, et al., Defendant. [963 NYS2d 32]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about February 6, 2012, which, in this medical malpractice action, denied defendants-appellants' motion for summary judgment dismissing all claims against defendant Lenox Hill Hospital, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing all claims against Lenox Hill.

Defendants made a prima facie showing that defendant Gregory Haber, M.D., was not an employee or agent of Lenox Hill and that Lenox Hill was therefore not liable for Dr. Haber's alleged malpractice (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]).

In opposition, plaintiff failed to raise a triable issue of fact. There is no evidence that Dr. Haber was an employee of Lenox Hill. Dr. Haber's affiliation with Lenox Hill is insufficient to hold the hospital liable for the doctor's alleged malpractice (see Ruane v Niagara Falls Mem. Med. Ctr., 60 NY2d 908, 909 [1983]). Further, plaintiff failed to provide evidence sufficient to raise a triable issue of fact concerning whether Dr. Haber was acting on behalf of the hospital, or whether plaintiff reasonably believed that Dr. Haber was acting at the hospital's behest (see Sarivola v Brookdale Hosp. & Med. Ctr., 204 AD2d 245, 245-246 [1st Dept 1994], lv denied 85 NY2d 805 [1995]). Plaintiff testified that his private physician referred him to Dr. Haber based on Dr. Haber's expertise and "pioneering" cure for acid reflux disease. Accordingly, plaintiff's testimony demonstrates that plaintiff specifically sought Dr. Haber's services and did not seek treatment from the hospital directly (see Sarivola, 204 AD2d at 246). Plaintiff's citation to a television "blurb" about Dr. Haber and the procedure, which he saw before he consulted Dr. Haber, is insufficient to raise an issue as to whether Dr. Haber was the hospital's agent. In order to impose liability on the hospital under a theory of apparent agency, there must be words or conduct by the hospital that give rise to the appearance and belief that the doctor possesses authority to act on behalf of the hospital (see Sullivan v Sirop, 74 AD3d 1326, 1328 [2d Dept 2010]). Here, plaintiff did not provide evidence that the television broadcast contained statements by the hospital concerning Dr. Haber, or that the hospital had any role in the preparation of the broadcast. Concur—Friedman, J.P., Sweeny, Renwick, Richter and Román, JJ. ■