■ Kyle Hampton, Respondent, v Universal Dental et al., Defendants, and Sol Stolzenberg, D.M.D., P.C., Doing Business as Toothsavers, Appellant/Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, et al., Third-Party Defendants. [35 NYS3d 3]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 10, 2015, which, to the extent appealed from as limited by the briefs and appealable, denied the motion of defendant/third-party plaintiff Sol S. Stolzenberg, D.M.D., P.C., doing business as Toothsavers (Toothsavers NY) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, the motion is granted, with leave for plaintiff to amend the pleadings to name the proper entity, without costs.

The motion court correctly found that questions of fact existed regarding the relationship between Toothsavers NY and defendants David Cohen, as executor of the estate of Morton Cohen, D.D.S., and Morton Cohen, PA (Toothsavers NJ) (see Fields v Seavey Org., 258 AD2d 414, 415 [1st Dept 1999]). Further, questions of fact exist as to whether Toothsavers NY is vicariously liable for the malpractice of Toothsavers NJ, if any, based upon a theory of agency by estoppel, also known as ostensible agency. Evidence exists indicating that plaintiff reasonably believed that the orthodontic treatment provided to him was by Toothsavers NY, albeit in a satellite New Jersey office, rather than on referral to a different practice altogether (see Welch v Scheinfeld, 21 AD3d 802, 808 [1st Dept 2005], citing Hannon v Siegel-Cooper Co., 167 NY 244 [1901]; see also Sarivola v Brookdale Hosp. & Med. Ctr., 204 AD2d 245, 245-246 [1st Dept 1994], lv denied 85 NY2d 805 [1995]).

Notably, only one dental chart was kept for plaintiff, with notations made on it without respect to whether treatment was being rendered by Toothsavers NY or Toothsavers NJ. Plaintiff testified that he was angry at having to travel to New Jersey, but felt he had no choice since he had paid in advance for his orthodontic treatment at Toothsavers NY. Plaintiff was given a business card by Toothsavers NY listing both addresses under the name "Toothsavers," without any indication that the two were separate practices.

Similarly, Toothsavers NY is not entitled to summary judgment under the independent contractor defense as to those individual dentists who performed orthodontic work upon plaintiff. Plaintiff did not seek out any of the orthodontists Toothsavers NY claims were independent contractors. Rather, he went to the practice based upon a newspaper advertisement for "Toothsavers," and could not even recall the full names of most of the individuals who treated him. And Toothsavers NY's position that plaintiff's claim that Dr. Stolzenberg, D.M.D., P.C.'s purchase of Toothsavers NY from its prior owner, a dentist who had lost his license, was somehow fraudulent or a sham does not warrant dismissal on the doctrine of estoppel. To hold otherwise would permit Dr. Stolzenberg to benefit from his alleged fraudulent acts.

Toothsavers NY's arguments regarding punitive damages are academic, as they prevailed on that point below and thus are not an aggrieved party (CPLR 5511; *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]). Plaintiff did not file a cross appeal and we decline plaintiffs' suggestion to review this issue sua sponte.

In light of the confusing record, while Toothsavers NY's argument that dismissal is warranted because plaintiff named and served an incorrect entity, Sol S. Stolzenberg, D.M.D., doing business as Toothsavers, rather than his eponymous professional corporation doing business as Toothsavers, may have some merit, we grant leave to plaintiff to serve and amend the pleadings to reflect the proper entity; we note the lack of any showing of prejudice. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.