Nahigian v Kaplitt (2018 NY Slip Op 06492)





Nahigian v Kaplitt


2018 NY Slip Op 06492


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7206 805122/12

[*1]Dana Nahigian, Plaintiff-Appellant,
v
Michael G. Kaplitt, et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Aaronson, Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.



Order, Supreme Court, New York County (Martin Shulman, J.), entered July 6, 2017, which, in this medical malpractice action, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law by submitting, inter alia, an affidavit from a board certified neurosurgeon who opined that defendant Kaplitt was not negligent in the performing of spinal surgery on plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff's expert, who opined, without further explanation, that the procedure should have been performed via laminectomy, rather than laminotomy, failed to rebut this showing (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Foster-Sturrup v Long, 95 AD3d 726 [1st Dept 2012]). Furthermore, the statements of plaintiff's expert with respect to causation, which were without reference to specific facts in the record, and contradicted by plaintiff's medical records, amounted to conjecture (see Callistro v Bebbington, 94 AD3d 408, 410-411 [1st Dept 2012], affd 20 NY3d 945 [2012]).
Dismissal of the complaint as against defendant hospital is further warranted because Kaplitt was not an employee of the hospital and was retained by plaintiff herself (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]; Pratt v Haber, 105 AD3d 429 [1st Dept 2013].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK