Semper v Karamitsos (2021 NY Slip Op 06932)





Semper v Karamitsos


2021 NY Slip Op 06932


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 805182/15 Appeal No. 14822 Case No. 2020-04894 

[*1]Tulip Semper et al., Plaintiffs-Respondents,
v
Harry Karamitsos, M.D., et al., Defendants, Ronald Blatt, M.D., et al., Defendants-Appellants.


Vaslas Lepowsky Hauss & Danke LLP, Staten Island (Olena Sharvan of counsel), for appellants.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about September 1, 2020, which denied the motion of defendants Ronald Blatt, M.D., P.C. and Ronald Blatt, M.D. for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence showing that defendant Jeffrey A. Mazlin, M.D. was not an employee or agent of Blatt P.C.. Thus, Blatt P.C. was not vicariously liable for Dr. Mazlin's alleged malpractice (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]).
In opposition, plaintiffs failed to raise a triable issue of fact. The record shows that Dr. Mazlin was employed by defendant East Side Gynecology Services, P.C. (ESG). Although ESG and Blatt P.C. share the same address and are owned by the same individual (Robert Blatt M.D.), that is insufficient evidence to hold Blatt P.C. liable for Dr. Mazlin's alleged negligence (see Pratt v Haber, 105 AD3d 429, 429 [1st Dept 2013]). Furthermore, the two medical pages showing both ESG and Blatt P.C. in the letterhead do not raise a triable issue of fact as to whether Dr. Mazlin was acting on behalf of Blatt P.C. (see id.), as the record clearly shows that ESG and Blatt P.C. are two separate corporations.
We note that in their brief on appeal, plaintiffs have withdrawn their liability claims as against defendant Robert Blatt, M.D.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021