Padilla v Labow (2023 NY Slip Op 00634)

Padilla v Labow

2023 NY Slip Op 00634

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 805098/18 Appeal No. 17257 Case No. 2022-02069 

[*1]Wilfredo Padilla, Plaintiff-Appellant-Respondent,
v
Daniel Labow, M.D., et al., Defendants, Arzu Buyuk, M.D., et al., Defendants-Respondents, Mount Sinai West, Defendant-Respondent-Appellant.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellant-respondent.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for respondent-appellant and respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered May 6, 2022, which, to the extent appealed from, granted defendants Arzu Buyuk, M.D. and Mount Sinai West's (MSW) motion for summary judgment dismissing the complaint against Dr. Buyuk and the vicarious liability claims against MSW premised on Dr. Buyuk's conduct, and denied the motion as to any vicarious liability claims against MSW premised on the conduct of defendant Daniel Labow, M.D., unanimously modified, on the law, to grant the motion for summary judgment dismissing the complaint against MSW, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this medical malpractice action seeking to recover damages for the alleged unnecessary surgery, performed by co-defendant Daniel Labow, M.D., of removing plaintiff's pancreas. Plaintiff also sues defendant Dr. Buyuk, M.D. for submitting a pre-surgery, pathology report that allegedly contributed to Dr. Labow's decision to conduct the pancreatic surgery.
The motion court correctly found that any error in the pathology report prepared by Dr. Buyuk concerning the number of cells collected in the fine needle aspiration, to the extent there was an error, was not a proximate cause of any injuries to plaintiff (see Foster-Sturrup v Long, 95 AD3d 726, 727-728 [1st Dept 2012]; Dallas-Stephenson v Waisman, 39 AD3d 303, 306-307 [1st Dept 2007]). The surgeon who made the decision to operate was fully aware of plaintiff's clinical picture and knew that the pathologist had determined the cells' morphology as normal and concluded that the sample was atypical but not malignant or even suspicious for malignancy. Plaintiff's expert's assertion that the surgeon's decision was based on the report is incorrect, as the surgeon testified that while he reviewed the report prior to deciding to operate, no single item informed his choice. The surgeon further testified that it was plaintiff's strong family history, blood testing, CT scans, and history of pancreatitis and diabetes, in conjunction with the virulent nature of pancreatic cancer generally, that informed his choice.
The court, however, should not have denied MSW summary judgment upon a sua sponte finding that defendant Dr. Labow was its employee. There is no evidence that Dr. Labow, who admitted and testified to employment by defendant Mount Sinai Hospital, was employed by MSW at the time of plaintiff's treatment (see Pratt v Haber, 105 AD3d 429, 429 [1st Dept 2013]; see also Sarivola v Brookdale Hosp. & Med. Ctr., 204 AD2d 245, 245-246 [1st Dept 1994], lv denied 85 NY2d 805 [1995]). Plaintiff never pleaded or argued in opposition to MSW's motion any theory of actual or apparent agency, nor is there any evidence in support of such a claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023